Judge Ewing
delivered the Opinion of the Court.
Woolley and wife exhibited their bill in chancery* against Coleman, Didlake, Hancock apd Boon, alleging that Woolley and wife had contracted with Coleman, to convey to him the eastwardly half of a lot in Louisville,, and by mistake had conveyed to him the westwardly half of the same. That they, not observing the mistake, had afterwards conveyed the same half to Hancock and Boon, who had made valuable improvements thereon, with the knowledge of Coleman, who did not pretend to claim the property until considerable improvements had been made. That said Coleman had conveyed the one half of the ground conveyed to him, to Didlake, who was a joint purchaser of the same with him; and prayed that the mistake might be corrected, &c.
Hancock and Boon answered the bill; admitted the mistake; alleged the improvements made with the knowledge of Coleman, and asked for a release of Coleman’s title to them.
Didlake answered, admitting the mistake, and agreeing that it might Be corrected, ’on his receiving a title to the western half of the eastern half of said lot; but did not make his answer a cross bill against Coleman, or sue out any process against him.
Coleman failed to answer the bill.
The Court decreed, that the complainants should convey, by a day fixed, in the country, the eastern half of said lot to Coleman, and to Didlake the western half of the eastern half, or the half he in his answer''agreed to accept; and decreed, peremptorily, that Coleman and Didlake convey, by quit-claim deed, to Hancock and *487 Boon, the portions of the lot conveyed to each of them by the complainants, and their wives should join in the conveyance.
There is error in this decree, in several particulars.— The Court should have seen that the complainants had conveyed to Coleman and Didlake, the eastern half of .'said lot by proper deed, duly authenticated to pass the wife’s inheritance — she having the title, before they were peremptorily decreed to convey to Boon and Hancock; and not left it to be settled in the country, whether they had conveyed or not.
Second. It was error to decree, that the wives of Coleman and Didlake should join in the conveyance, when they were not before the court.
The wives should not be disturbed in their potential right to dower, without furnishing them with an opportunity to defend, by bringing them before the court; nor should their husbands be tempted, by a peremptory decree, to coerce them to a relinquishment of their dower.
Third. The Court should not have decreed a convey.anee to Didlake of his choice in the half acre, without the consent of Coleman, or a cross bill on his part, ■against him. The portion that is decreed to him, may be much more valuable than the part decreed to Coleman, for aught that appears to 'the Court, and he should, by .proper proceedings against him, have been furnished with an opportunity to litigate this matter.
It is therefore decreed by the Court, that the decree of the Circuit Court be reversed, and the cause remanded, that further steps may be taken not inconsistent with . this opinion.